UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEWART D. BROWN,

         Plaintiff,

v.                   Case No. 19-cv-1762-bhl

CORY L. ROESELER, et al.,

         Defendants.

# ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (ECF NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, AND DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL (ECF NO. 8 & 10)

  Stewart D. Brown, an inmate at Kettle Moraine Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants were deliberately indifferent to his prostate cancer, in violation of state and federal law. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee and recruitment of counsel (ECF Nos. 2, 8 & 10) and screens his complaint (ECF No. 1).

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (ECF No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows a court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 13, 2019, the Court ordered the plaintiff to pay an initial partial filing fee of $44.33. (ECF No. 6.) The plaintiff paid that fee on December 17, 2019. The Court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, a court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes liberally complaints filed by plaintiffs who are representing themselves. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. The Plaintiff's Allegations**

The plaintiff sues Sheboygan County Sheriff Cory L. Roeseler[1] and two unknown medical officers of the Sheboygan County Detention Center (SCDC), referred to as Jane Doe and John Doe. (ECF No. 1 at 4.) The plaintiff sues the defendants in their individual and official capacities. *Id*.

The plaintiff alleges that on February 14, 2018, before he was incarcerated, his family doctor diagnosed him with prostate cancer. His doctor scheduled an appointment to assess the development of the plaintiff's cancer in six months. During the time, however, the plaintiff became incarcerated at SCDC. The plaintiff's fiancée notified unspecified SCDC officials about the plaintiff's appointment, but the officials told her that she could not make appointments on his behalf while he was incarcerated and that the officials would make the necessary appointments. The officials later spoke with Dr. Welsch (who is not a defendant), who allegedly informed them that the plaintiff needed to be seen immediately and "absolutely no later than the end of summer." (ECF No. 1 at 5.) The plaintiff alleges that, over the next several months, he

---

[1] The plaintiff spells the defendant's name "Roeselor," but the Sheboygan County website lists the proper spelling as "Roeseler." *See* https://www.sheboygancounty.com/departments/departments-r-z/sheriff-s-department. The court will use the proper spelling in this order.

repeatedly asked unspecified medical officials about his appointment, but the officials told him that "he had plenty of time and that the appointment would be scheduled." The plaintiff alleged that he experienced "extreme physical pain" and worried that the cancer was spreading throughout his body, causing him emotional distress. He alleges that jail officials "basically ignored his request for medical attention." He left SCDC in November 2018, never having had an appointment with a specialist or treatment for his cancer. He alleges that his condition worsened during the six months he was incarcerated at SCDC. When he was transferred to a new institution, officials there told him that the only options available were chemotherapy and surgery. *Id.* at 6. The plaintiff alleges that "SCDC officials" unnecessarily delayed and denied his requests for treatment of his prostate cancer. He asserts that he suffered needless pain and emotional distress as a result. The plaintiff contends that the defendants knew or should have known that delaying treatment would worsen his condition and cause him pain. He asserts that, had the defendants acted promptly, less invasive alternative treatments would have been available. *Id.*

The plaintiff seeks to proceed on claims under the Eighth Amendment and state law. *Id.* at 8. He seeks declaratory judgment and monetary damages. *Id.* at 10.

**C. Analysis**

The plaintiff's claims against the defendants in their official capacities are construed as if brought against the SCDC, the agency for which the defendants work. But the SCDC is not a "person" that the plaintiff may sue under §1983. *See Ball v. Milwaukee Cty. House of Corr.*, No. 18-C-1292, 2020 WL 819213, at *3 (E.D. Wis. Feb. 19, 2020). To the extent the plaintiff intends to assert official capacity claims against Sheboygan County itself, he fails to state a valid §1983 claim. A local government such as a municipality or county "cannot be held liable *solely*

4

because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). A municipality may "be held liable under §1983 only for its own violations of federal law." *Los Angeles County v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell*, 436 U.S. at 694). To demonstrate municipal liability, a plaintiff "must demonstrate that there was an 'official policy, widespread custom, or action by an official with policy-making authority [that] was the "moving force" behind his constitutional injury.'" *Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017) (quoting *Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

The plaintiff does not allege that his inadequate or delayed treatment was pursuant to an unconstitutional policy or custom of Sheboygan County. He instead alleges that unnamed SCDC officials acting on their own refused to allow him to attend his previously scheduled appointment and failed to provide proper treatment of his prostate cancer. He does not state a claim against Sheboygan County.

The Court reviews the plaintiff's claim regarding the denial or delay of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). But not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a

5

cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer,* 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837; *Perez*, 792 F.3d 768, 776 (7th Cir. 2015).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). How long of a delay is tolerable "depends on the seriousness of the condition and the ease of providing treatment." *Id.* (quoting *McGowan*, 612 F.3d at 640).

Although the plaintiff alleges that he suffered needless pain because of a delay in his treatment, he does not state an Eighth Amendment claim. Prostate cancer is unquestionably a serious medical need that satisfies the objective component of an Eighth Amendment claim. The plaintiff's allegations, however, do not satisfy the subjective component.

To establish liability under §1983, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). A prison official "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*,

556 U.S. at 676. The plaintiff instead "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

The plaintiff does not allege how any named defendant was involved in his allegedly inadequate or delayed medical treatment of his prostate cancer. He refers to the defendants only collectively without specifying any defendant's personal involvement in the alleged denial of adequate medical treatment. He states that "the defendants" are responsible for the decision to deny or delay his treatment but does not allege that Roeselor or the Jane or John Doe defendants were aware of his condition and personally involved in those decisions to deny him treatment. The plaintiff does not even mention either defendant by name anywhere in his complaint's statement of facts. Under even a liberal construction of his complaint, the plaintiff fails to state a claim against any defendant. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that "makes only categorical references to 'Defendants'" and holding that the complaint failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'"). The plaintiff's general allegations against SCDC officials are also insufficient to hold Roeselor or the Jane or John Doe defendants personally liable for the inadequacy or delay in his treatment. *See Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's §1983 complaint alleging denial of medical care against defendants identified "only collectively as 'medical staff'").

Because the plaintiff does not allege a basis for holding any defendant personally liable for the delay or inadequacy of treatment for his prostate cancer, he fails to state an Eighth Amendment claim. The Court, however, will provide the plaintiff an opportunity to amend his complaint to cure these deficiencies.

7

Case 2:19-cv-01762-BHL   Filed 10/06/20   Page 7 of 12   Document 11

When writing his amended complaint, the plaintiff should provide the Court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and instructions. The plaintiff must write the word "Amended" at the top of the first page of the form, before the word "Complaint." He must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the Court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the Court back to his original complaint, rather than repeating in the amended complaint any of the facts from the original complaint that are necessary to his claims.

### III. Motions for Appointment of Counsel

The plaintiff also requests that the Court recruit counsel to represent him. (ECF Nos. 8 & 10.) In a civil case, the Court has the discretion to recruit counsel for individuals unable to afford counsel. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to

8

Case 2:19-cv-01762-BHL   Filed 10/06/20   Page 8 of 12   Document 11

recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second element, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490–491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his

9

Case 2:19-cv-01762-BHL   Filed 10/06/20   Page 9 of 12   Document 11

motion in the early stages of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

The plaintiff does not satisfy either *Pruitt* element. He states that he is unable to afford counsel, his case involves complex issues involving medical treatment, and he believes recruitment of counsel is necessary to "promote justice." (ECF No. 8 at 2.) But the plaintiff does not state whether he has made an effort to obtain representation on his own. Even if he had, the Court is dismissing his complaint and has not yet ordered service of process on the defendants. Given the infancy of this litigation, it is too early to determine whether the plaintiff requires the assistance of counsel to adequately represent himself.

As the case progresses, the legal and factual issues may become too complex for the plaintiff, his circumstances may change, or he may find himself unable to obtain the information he believes he needs to prove his claims. Should that occur, it may be appropriate to revisit the plaintiff's request that the court recruit counsel to represent him. At this early stage, however, the Court will **DENY** his motions for recruitment of counsel.

**III. Conclusion**

The Court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. (ECF No. 2.)

The Court **DENIES** the plaintiff's requests for recruitment of counsel. (ECF No. 8 & 10.)

The Court **CONCLUDES** that the plaintiff's complaint fails to state a claim. (ECF No. 1.) Because the Court is dismissing all federal claims in the plaintiff's complaint, the Court **DECLINES** to exercise supplemental jurisdiction over any claims arising under state law. The Court **DISMISSES** the state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the Court to receive it by **November 5, 2020**. If the plaintiff files an amended complaint by the above deadline, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The Court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $305.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The Court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The Court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the Court sets, the Court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the Court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the Court advised of his whereabouts may result in the Court dismissing this case without further notice.

The Court includes with this order a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated at Milwaukee, Wisconsin this 6th day of October, 2020.

BY THE COURT:

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge