UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEWART D. BROWN,

                Plaintiff,

v.                                                    Case No. 19-cv-1762-bhl

JOHN DOE DOCTOR and
JANE DOE NURSE,

                Defendants.

---

## DECISION AND ORDER

---

On December 18, 2020, the Court screened pro se plaintiff Stewart Brown's amended complaint and allowed him to proceed on Eighth Amendment claims against an unidentified doctor and nurse. On January 8, 2021, in response to a motion filed by Brown, the Court explained how Brown could obtain the information he needs to identify the Doe Defendants and clarified the deadline by which he must identify them. Dkt. No. 21. A few days later, Brown filed a motion to compel, in which he asks the Court to compel Sheboygan County Detention Facility to provide him with the names of the Doe Defendants. Dkt. No. 23. Brown's motion is dated January 7, 2021, suggesting that he prepared the motion before he received the Court's January 8, 2021 order and guidance. The Court will deny Brown's motion to compel and direct him to carefully read and comply with the guidance in the Court's January 8, 2021 order. That decision addresses the concerns Brown raises in his motion to compel.

Brown also filed a motion for reconsideration of the Court's decision denying his motion for the appointment of counsel. Dkt. No. 24. On December 18, 2020, the Court noted that Brown had shown a firm grasp of the events alleged and an understanding of his constitutional claims.

As such, the Court found he was capable of representing himself at this time. Brown disagrees. He argues that the Court should recruit counsel to represent him because he has limited education, the case involves medical issues, and he does not have the experience or skills of a lawyer.

Brown's arguments, which are largely the same arguments he made in his original motion, do not convince the Court that Brown is unable to represent himself at this time. It is indisputable that Brown would benefit from the assistance of a lawyer—all plaintiffs do—but that is not the pertinent question. When deciding whether to recruit counsel, the Court must consider the difficulty of litigating the claim and Brown's competence to do so. Brown's claim is straightforward—he alleges that, despite a diagnosis of prostate cancer and a doctor's order that he be evaluated, Defendants failed to schedule him for an evaluation. Brown has firsthand knowledge of his interactions with Defendants and with his prior healthcare provider, and, after he identifies Defendants, he will be able to use discovery to obtain documents and other information that he believes will help him prove his claims. Although he may be unfamiliar with some rules and procedures, the Court will give him guidance where appropriate, as it did in its January 8, 2021 decision. Brown's filings have been clear and easy to understand, and nothing to date suggests that he will have trouble communicating with the Court or with Defendants.

Further, at this point, all Brown has to do is identify the Doe Defendants. Once Sheriff Roeseler's attorney files a notice of appearance, Brown can use discovery to obtain the information he needs to learn the Doe Defendants' names. The Court believes Brown can do this without the assistance of a lawyer. As the Court already explained, if *new* challenges arise that Brown feels he is unable to overcome on his own, he may renew his request for counsel. If he does so, he must explain what challenges he is facing and why he believes he is unable to overcome them on his own.

**IT IS THEREFORE ORDERED** that Brown's motion to compel (Dkt. No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Brown's motion for reconsideration (Dkt. No. 24) is **DENIED**.

Dated at Milwaukee, Wisconsin this 13th day of January, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge