UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEWART D. BROWN,

                Plaintiff,

v.                                                                                            Case No. 19-cv-1762-bhl

BRANDA LEMBERGER, et al.,

                Defendants.

---

## DECISION AND ORDER

---

On December 18, 2020, the Court screened pro se plaintiff Stewart Brown's amended complaint and allowed him to proceed on claims against an unidentified doctor and nurse. Dkt. No. 18 at 2. On January 25, 2021, Brown filed a motion to identify the Doe Defendants. Dkt. No. 28. Despite having named one doctor and one nurse in his amended complaint, Brown identified multiple doctors and nurses as the Doe Defendants. The Court granted his motion, but, consistent with his amended complaint, allowed him to proceed against only one doctor and one nurse. Dkt. No. 29.

A few days later, Brown filed a motion to amend the parties. Dkt. No. 31. He explains that, when he filed his amended complaint, he did not know that multiple doctors and nurses were involved in his care. He learned this only after receiving his medical records. He seeks to add another doctor and nurse as defendants.

Under the federal pleading standard, a complaint must give notice to each defendant what he or she did or did not do to violate the plaintiff's rights. Given that Brown's amended complaint includes allegations against only *one* doctor and *one* nurse, it does not provide sufficient notice to

*multiple* doctors and nurses. As such, the Court will deny Brown's motion. The Court will, however, allow Brown to file a second amended complaint naming as defendants all the health officials he wants to sue.

A second amended complaint will replace the prior complaints—it will be as though they were never filed. This means that Brown must include all his allegations against all the health officials he wants to sue. He should not make reference to or rely on his prior complaints. If he wants the Court to consider allegations from his prior complaints, he must repeat them in his second amended complaint. The second amended complaint does not need to be overly detailed; it merely needs to include enough factual information to give the defendants notice of what they did or did not do to violate Brown's rights. If Brown chooses to file a second amended complaint by the deadline below, the Court will screen the second amended complaint to identify cognizable claims. *See* 28 U.S.C. §1915A. If Brown does not file a second amended complaint, his first amended complaint will remain the operative complaint.

**IT IS THEREFORE ORDERED** that Brown's motion to amend the parties (Dkt. No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Brown may file a second amended complaint by **March 5, 2021.** Brown must use the Court's amended complaint form, a copy of which is included with this order. *See* Civil L.R. 9(b). If he needs additional space, he may add up to five additional pages.

Dated at Milwaukee, Wisconsin this 4th day of February, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge