UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────

STEWART D. BROWN,

                     Plaintiff,

v.                                                        Case No. 19-cv-1762-bhl

JASON SCOTT and
CORY ROESELER,

                     Defendants.
─────────────────────────────────────────────

## DECISION AND ORDER
─────────────────────────────────────────────

On October 6, 2020, the Court concluded that pro se plaintiff Stewart Brown's complaint failed to state a claim but allowed Brown to file an amended complaint. Dkt. No. 11. When Brown later complained that he was unable to litigate the case due to COVID-19 conditions at his institution and requested an "unlimited amount [of] time" to file an amended complaint, the Court agreed to stay the case. Dkt. No. 14. Notwithstanding the stay, Brown filed an amended complaint on October 27, 2020. Dkt. No. 15. Accordingly, on December 18, 2020, the Court lifted the stay, screened the amended complaint, and allowed Brown to proceed on Eighth Amendment claims against an unidentified doctor and nurse based on allegations that they delayed treating his prostate cancer. Dkt. No. 18.

On January 25, 2021, Brown filed a motion to identify the Doe Defendants, which the Court granted a few days later. Dkt. Nos. 28, 29. Brown then moved to add additional nurses and a doctor as defendants. Dkt. No. 31. The Court denied his motion, explaining to Brown that the allegations in his amended complaint stated a claim against only *one* doctor and *one* nurse. Dkt. No. 32. The Court gave Brown an opportunity to file a second amended complaint and explained

that, if he did so, the second amended complaint would replace his prior complaints. Brown was instructed to "include all his allegations against all the health officials he wants to sue." Dkt. No. 32 at 2. The Court informed Brown that, if he filed a second amended complaint, the Court would screen it as required by 28 U.S.C. §1915A.

On March 1, 2021, Brown filed a second amended complaint. Dkt. No. 39. Despite making the same general allegations, Brown does not sue the doctor and nurse he identified as the Doe Defendants when he filed his first amended complaint. Instead, he sues a completely new doctor and the Sheboygan County Sheriff.

## SCREENING STANDARD

By now, Brown is well aware that the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading standard, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Brown alleges that, prior to his incarceration, he was diagnosed with prostate cancer by his family practitioner. Dkt. No. 39 at 3. Before a treatment plan could be developed, Brown was incarcerated. *Id.* According to Brown, his oncology specialist notified Defendant Dr. Jason Scott of Brown's diagnosis and asked him to provide Brown with immediate medical attention. *Id.* Brown asserts that, while under Dr. Scott's care, he received no evaluation, assessment, treatment, or follow-up for several months. *Id.* Brown says his condition worsened, and, upon his transfer to the Wisconsin Department of Corrections, he was told that his condition had progressed to the point where the only treatment options were chemotherapy and surgery. *Id.*

Brown also sues Sheboygan County Sheriff Cory L. Roeseler based on his assertions that the Sheriff is responsible for the welfare of the inmates confined at the Sheboygan County Detention Center, and the Sheriff delegated his responsibility to Dr. Scott. *Id.* at 2.

## THE COURT'S ANALYSIS

Brown states a deliberate indifference claim against Dr. Scott based on his allegations that he delayed treating Brown's prostate cancer despite Brown's oncologist informing him of Brown's diagnosis and urging immediate treatment. *See Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (holding that, to state an Eighth Amendment claim, a plaintiff must allege that he "suffered from an objectively serious medical condition" and that the defendant was "deliberately indifferent to that condition").

Brown does not, however, state a claim against Sheriff Roeseler. The doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For

3

example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. The Court cannot reasonably infer from Brown's allegations that Sheriff Roeseler had any involvement in or knowledge of Dr. Scott's treatment (or lack thereof) of Brown's prostate cancer. The mere fact that Sheriff Roeseler was generally responsible for all inmates' welfare is not enough for Brown to state a claim against him under §1983.

Finally, the Court observes that this is the *third* complaint Brown has filed containing the same general allegations. While Federal Rule of Civil Procedure 15 requires that leave to amend be freely given when justice so requires, the Supreme Court has explained that leave to amend need not be given when a plaintiff repeatedly fails to cure deficiencies or when allowing an amendment would unduly delay resolution of the case. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court has allowed Brown multiple opportunities to name as defendants the health officials who allegedly delayed treating his prostate cancer. As such, the Court will not allow further amendments to name additional health care providers. It is time to move this case forward.

**IT IS THEREFORE ORDERED** that Sheriff Cory Roeseler is **DISMISSED** based on Brown's failure to state a claim against him.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint (Dkt. No. 39) and this order upon Dr. Jason Scott pursuant to Federal Rule of Civil Procedure 4. Brown is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R.

4

§§0.114(a)(2)-(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Dr. Scott shall file a responsive pleading to the second amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 8th day of March, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge